**08 C 122**

**FILED**

**JANUARY 7, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

**JUDGE GETTLEMAN**
**MAGISTRATE JUDGE ASHMAN**

| | |
|---|---|
| ZITA MOLNAR, )<br><br>　　　Plaintiff )<br><br>v. )<br><br>MICHAEL MUKASEY, Attorney General, )<br>U.S. Department of Justice; MICHAEL )<br>CHERTOFF, Secretary, Department of Homeland )<br>Security; EMILIO GONZALEZ, Director, )<br>U.S. Citizenship and Immigration Services; )<br>RUTH DOROCHOFF, District Director, )<br>Chicago District Office, U.S. Citizenship and )<br>Immigration Services; ROBERT S. MUELLER III, )<br>Director, Federal Bureau of Investigation, )<br><br>　　　Defendants. ) | COMPLAINT<br>FOR DECLARATORY<br>JUDGMENT<br>OF NATURALIZATION<br>UNDER 8. U.S.C. § 1447(b)<br>USCIS A#<br><br><br>Civil Action No. |

**COMPLAINT**

NOW COMES Plaintiff, Zita Molnar, by and through her attorney, Douglas Bristol, and, complaining of Defendants, alleges as follows:

**PARTIES**

1.　　Plaintiff is an individual and lawful permanent resident of the United States residing in Chicago, Illinois, within the jurisdiction of this Court.  Plaintiff is a citizen of Hungary and was admitted to the United States as a lawful permanent resident on January 28, 1999 (Exhibit 1).  Plaintiff's claim for naturalization arises under 8 U.S.C. § 1447(b).

2.　　Defendants Michael Mukasey, Michael Chertoff, Emilio Gonzalez, and Ruth Dorochoff are responsible for the grant or denial of naturalization applications filed by foreign nationals lawfully admitted for permanent residence, such as Plaintiff, pursuant to 8 U.S.C. § 1421, 8 U.S.C. § 1427, 8 C.F.R. § 103.1(g)(2)(ii), 8 C.F.R. § 310.2 and 8 C.F.R. § 316.3.

3.      Defendant Robert S. Mueller III is responsible for conducting security checks for the U.S. Citizenship and Immigration Services (USCIS).  As will be shown, the Defendant has failed to complete the security check on Plaintiff's case.

## JURISDICTION

4.      The Court has jurisdiction of this action pursuant to 8 U.S.C. § 1447(b) that permits the District Court to assume jurisdiction to determine the matter of a naturalization application if Defendants fail to determine such matter before the end of the 120-day period after the date on which the examination or interview is conducted by Defendants as required by 8 U.S.C. § 1446(a) and 8 C.F.R. § 336.1(a).

5.      Jurisdiction is also conferred by 5 U.S.C. § 704. Plaintiff is aggrieved by adverse agency action in this case, as the Administrative Procedures Act requires, in order to confer jurisdiction on the District Courts. 5 U.S.C. §§ 702 *et seq*.

6.      The aid of the Court is invoked under 28 U.S.C. §§ 2201 and 2202, authorizing a declaratory judgment.

7.      Costs and attorneys fees will be sought pursuant to the Equal Access to Justice Act, 5 U.S.C. § 504, and 28 U.S.C. § 2412(d), *et seq*.

## VENUE

8.      Venue is proper in Chicago, Illinois and the United States District Court for the Northern District of Illinois because the Defendant District Director has her principal place of business in this district.

## FACTS

9.      Ms. Zita Molnar filed her Form N-400, Application for Naturalization, with the USCIS on January 26, 2005 (Exhibit 2).

2

10.    On March 5, 2005, she was fingerprinted at a USCIS Application Support Center (Exhibit 3).

11.    Ms. Molnar's naturalization interview was scheduled for April 20, 2005 (Exhibit 4).

12.    On April 20, 2005, Officer Jones of the USCIS Chicago District Office interviewed Ms. Molnar (Exhibit 5).

13.    Officer Jones issued Form N-652, Naturalization Interview Results, which indicated that Plaintiff successfully passed the tests of English and U.S. history and government (Exhibit 5).

14.    Form N-652 also indicated that a decision could not yet be made about Ms. Molnar's application (Exhibit 5).

15.    Officer Jones also provided a Notice to Applicants Regarding National Security Checks, which requested naturalization applicants to wait at least 120 days from the date of the interview before making a case status inquiry (Exhibit 5).

16.    On August 8, 2005, Plaintiff submitted an inquiry to the USCIS National Customer Service Center regarding the status of her case (Exhibit 6).

17.    On or about August 31, 2005, Ms. Molnar scheduled an InfoPass appointment with the USCIS Chicago District Office to check the status of her case, and was advised that the case was still pending.

18.    On September 21, 2005, the USCIS National Customer Service Center sent Ms. Molnar a response acknowledging that the processing of her case has been delayed due to the pending security checks (Exhibit 6).  The USCIS National Customer Service Center also advised Ms. Molnar to contact them again if she does not receive a decision or other notice of action within

six (6) months.

19.     On or about October 1, 2005, Ms. Molnar scheduled the second InfoPass appointment with the USCIS Chicago District Office to check the status of her case, and was advised that the case was still pending.

20.     On or about April 1, 2006, Ms. Molnar scheduled the third InfoPass appointment with the USCIS Chicago District Office to check the status of her case, and was advised that the case was still pending.

21.     On January 22, 2007, Ms. Molnar's previous attorney sent a case status inquiry letter to the USCIS Chicago District Office (Exhibit 7).

22.     On May 5, 2007, Fairy D. White, Supervisory Program Specialist, USCIS Customer Assistance Office, sent a letter to Ms. Molnar's previous attorney stating that the background check is not complete (Exhibit 8).

23.     On July 12, 2007, Ms. Molnar's previous attorney sent a case status inquiry letter to Fairy D. White, Supervisory Program Specialist, USCIS Customer Assistance Office (Exhibit 9).

24.     On August 15, 2007, Ms. Molnar provided her new mailing address to the USCIS National Customer Service Center so that the USCIS could update their records (Exhibit 10).

25.     On October 1, 2007, Ms. Molnar's previous attorney sent the second case status inquiry letter to Fairy D. White, Supervisory Program Specialist, USCIS Customer Assistance Office (Exhibit 11).

26.     On December 28, 2007, Ms. Molnar came to the USCIS Chicago Office on a walk-in basis to request that a new fingerprinting notice be issued as her previously taken fingerprints already expired.  She was advised that no fingerprint notice will be issued until the security check is pending.

## COUNT I

27.    More than 120 days have passed since the initial interview, and Defendants have made no decision on Ms. Molnar's naturalization application.  Although Defendants have acknowledged that the naturalization case is filed and pending, and although they have been requested on numerous occasions to proceed with the case and complete it, they have continuously failed and refused to do so.  They say that it is out of their control and that they cannot make a decision until another agency has completed certain "name check" clearances.

28.    To date Defendants disavow any responsibility for their refusal to decide Ms. Molnar's case and argue that they cannot decide the case until the security check is cleared. Defendants have not requested any further documents from Ms. Molnar and have indicated no reason why her request for naturalization should be denied.  Consequently, Ms. Molnar is denied the precious rights of citizenship due to the refusal of a government agency to perform its duties. Furthermore, Defendants can conceivably continue to refuse to decide Ms. Molnar's case on these grounds forever, causing irreparable harm to Ms. Molnar.

29.    There is no reason to disqualify Plaintiff, Zita Molnar, for naturalization.  Even though Defendants may wish to permit further investigation of the case, there is no reason for the investigation to take this long.

30.    Defendants' failure to make a determination on Ms. Molnar's application within the 120-day statutory period allows Plaintiff to bring the matter to this Court for a hearing pursuant to 8 U.S.C. § 1447(b).

31.    Plaintiff has no administrative remedies. The statute only provides for a judicial remedy in the case of Defendants' failure to make a decision within the statutory time frame.

32.    Furthermore, the District Director, by failing to make a determination of the

5

application, is denying Plaintiff, Zita Molnar, the right to timely pursue any further remedies, administrative or judicial, should she receive an adverse decision. That is, the Defendants are circumventing the intended legal process.

33.    A judicial hearing *de novo* is appropriate because there is no other remedy at law. Plaintiff seeks to be heard and that a decision be made, in terms of both a hearing and in terms of the Administrative Procedures Act for administrative action wrongfully withheld.

**REMEDY**

34.    Plaintiff petitions the Court to determine her application for naturalization after a full hearing *de novo.*


WHEREFORE, Plaintiff prays that the Court assume jurisdiction over Plaintiff's application for naturalization, approve Plaintiff's application, grant such other relief as may be proper under the circumstances, and grant attorneys fees and costs of court.


Date: January 7, 2008                              Respectfully submitted,

                                                   s/ Douglas Bristol

                                                   Douglas Bristol
                                                   Attorney for Plaintiff
                                                   321 S. Plymouth Court, Suite 1525
                                                   Chicago, IL 60604
                                                   (312) 663-4466
                                                   db@dbristol.com